[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9275
Facts
The plaintiffs appeal from a decision of the defendant denying Medicaid benefits for the months of March and April, 1989 to their daughter, Paula Lieberman, who has been disabled since 1975 and is indigent. Ms. Lieberman was granted Medicaid, effective May 1, 1989. As a result of the defendant's actions, Ms. Lieberman remains indebted to New Britain Memorial Hospital (Hospital) where she resides in an amount in excess of $10,000.00. She does not have the funds with which to pay the rehabilitation hospital because the plaintiffs, on her behalf, have already expended all of her assets to pay the Hospital for prior medical bills.
On April 21, 1989, when funds held for the benefit of Ms. Lieberman were about to be depleted, the plaintiffs applied for benefits for their daughter.
The defendant granted Medicaid benefits effective May 1, 1989, but denied Medicaid coverage for March and April 1989. As of March 31, 1989, Ms. Lieberman owed the Hospital $25,190.67. Her parents held trust accounts on her behalf with no more than $24,000. The plaintiffs made payments totalling $14,609.27 to the Hospital thereby reducing Ms. Lieberman's trust assets to $9,400. The balance due the Hospital at the end of April 1989 was $19,7451.87. Thus, the estate had a net deficit of about $10,000 at the end of April 1989. The hearing officer held that because Ms. Lieberman's assets exceeded the Medicaid limit of $1,600 prior to May 1989, she was not eligible for Medicaid benefits for the months of March and April 1989. The defendant's denial was based on the fact that as of March and April 1989 Ms. Lieberman had available assets in excess of $10,000.
Law
Plaintiff's case is based on the argument that defendant should have used the "resource spend-down" concept in CT Page 9276 evaluating the claim. That concept is set out nicely in Kempson v. Dept. of Human Resources, 397 S.E.2d 314, 316
(N.C.App. 1990) where the following is stated:
 The issue on appeal is whether federal and state laws governing the eligibility requirements for certain Medicaid applicants require the DHR to use a procedure known as "resource spend-down." Resource spend-down permits an individual to qualify for Medicaid benefits, even though he or she possesses resources or reserves that are greater than the limit imposed by law, by offsetting incurred medical expenses against the excess reserve. North Carolina currently requires that such persons actually spend excess reserve to pay their medical bills before they can qualify for Medicaid. Under a resources spend-down policy such persons would qualify for Medicaid without actually using their excess reserve if their current medical expenses would reduce their total asset reserve to below the imposed limit.
From a purely accounting view that is the proper way to proceed. However, plaintiff has the burden to prove that the commissioner acted unreasonably, arbitrarily, illegally or in abuse of his discretion under the law. New Haven v. Freedom of Information Commission, 205 Conn. 767. 773.
From a practical point of view there is certainly nothing irrational or arbitrary about a statute or regulation which avoids the problems of questionable debts, e.g., very old amounts owed; and amounts not clearly medical.[1]
However, regardless of its logical support the question remains what does the law provide?
The Connecticut statute requires that "[t]he commissioner, . . ., shall in determining need, take into consideration any available income and resources of the individual claiming assistance." Conn. Gen. Stats. 177-92d(a). It does not speak of net resources or net worth.
A resource is for our purposes an asset. Webster's New International Dictionary, Second Edition.
The Connecticut statute does not require a resource CT Page 9277 spend-down interpretation by the commissioner. There is no federal statute which requires it. Harriman v. Commissioner, Maine Department of Human Resources, Docket No. 90.90-0046-B-F. Supp. (D. Maine, 11/9/90). Thus there is nothing unreasonable, arbitrary, illegal or in abuse of discretion about the commissioner's decision.
Appeal dismissed.
N. O'NEILL, JUDGE.